## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>TREVOR JOHN COLLISON,<br><br>        Defendant. | **No. 1:24-cr-00069-RGE-WPK**<br><br><br>**ORDER DENYING<br>DEFENDANT'S<br>MOTION TO DISMISS** |

Defendant Trevor John Collison, proceeding pro se, moves to dismiss the case against him, asserting the Government has failed to comply with the Sixth Amendment right to a speedy trial. Def.'s Mot. Dismiss, ECF No. 65. The Government resists. Gov't's Resist. Def.'s Mot. Dismiss, ECF No. 73. Collison replied. Def.'s Reply Supp. Mot. Dismiss, ECF No. 76. Collison also sought to reply orally at his October 31, 2025 arraignment. Def.'s Oral Mot. Reply Orally, ECF No. 77. The request was denied. Text Order Den. Def.'s Oral Mot. Reply Orally, ECF No. 78. Because the Sixth Amendment has not been violated, the Court denies Collison's motion to dismiss.

The Sixth Amendment to the United States Constitution provides, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. Const. amend. VI. It is "one of the most basic rights preserved by our Constitution." *Klopfer v. North Carolina*, 386 U.S. 213, 226 (1967). The right to a speedy trial "attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." *United States v. Sprouts*, 282 F.3d 1037, 1042 (8th Cir. 2002). To determine whether a constitutional speedy trial violation occurred, the Court starts with whether "the delay between indictment and [defendant's] motion to dismiss was presumptively prejudicial." *United States v. Cooley*, 63 F.4th 1173, 1177 (8th Cir. 2023) (citation and quotation marks omitted) (alteration in original). If it is, the Court must "analyze the four factors governing the Sixth Amendment's speedy trial protections under *Barker*

*v. Wingo*, 407 U.S. 514 . . . (1972)." *Id.* (citation omitted).

For the reasons stated in the Government's resistance, the Court finds the *Barker* factors weigh in the Government's favor. See ECF No. 73 at 9–15. Collison is not entitled to relief.

To the extent Collison asserts the Government has failed to comply with the requirements of the Speedy Trial Act of 1974, the argument fails. The Speedy Trial Act provides that "the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days" of the indictment or arraignment, "whichever date last occurs." 18 U.S.C. § 3161(c)(1). However, there are several "periods of delay [that] shall be excluded in . . . computing the time within which the trial of any such offense must commence." *Id.* § 3161(h). "The defendant bears the burden of supporting his motion." *United States v. Villarreal*, 707 F.3d 942, 953 (8th Cir. 2013).

Collison's Speedy Trial Act arguments do not consider that he was arraigned on June 13, 2025. Arraignment Mins., ECF No. 17. He also fails to address the several periods of time that are excludable under the Speedy Trial Act. *See* Order Continuing Trial, ECF No. 28 (noting "the time between the motion [to continue] and new trial date is excluded from Speedy Trial Act calculations"); Order Granting Def.'s Mot. Continue, ECF No. 66 (same). Therefore, according to the Government's calculation, only thirty-two nonexcludable days have accrued under the Speedy Trial Act, which permits up to seventy nonexcludable days before dismissal is required. ECF No. 73 at 6.

Therefore, the Court finds Collison has failed to meet his burden to show that dismissal under the Speedy Trial Act is warranted. *Cf. Villarreal*, 707 F.3d at 953.

**IT IS ORDERED** that Defendant Trevor John Collison's Motion to Dismiss, ECF No. 65, is **DENIED**.

**IT IS SO ORDERED**.

Dated this 3rd day of November, 2025.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE

2