IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 1:24-cr-069 |
| v. | ) | |
| | ) | JOINT PROPOSED |
| TREVOR JOHN COLLISON, | ) | JURY INSTRUCTIONS |
| | ) | |
| Defendant. | ) | |

COMES NOW the United States of America and hereby submits the parties Joint Proposed Jury Instructions and 6 Verdict Forms. The following instructions are sourced from the Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, 2023 ed., unless otherwise indicated. The parties reserve the right to offer additional instructions at the close of all evidence.

Respectfully Submitted,

David C. Waterman
United States Attorney

By: */S/ Shelly Sudmann*
Shelly Sudmann
Assistant United States Attorney

AND:

*/s/ Stuart Dornan*
Stuart Dornan
Attorney for Defendant

1

CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2025, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system.  I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

____U.S. Mail _____ Fax _____Hand Delivery

 X   ECF/Electronic filing     ____Other means

UNITED STATES ATTORNEY

By: */s/SCT*
     Paralegal Specialist

2

TABLE OF CONTENTS

3.01 Introduction
3.02 Duty of Jury
3.03 Definition of Evidence
3.04 Credibility of Witnesses
3.06 Description of Charges; Indictment Not Evidence; Presumption of Innocence; Burden of Proof
3.09 6.18.2251(A) Elements of the Offense (Count 1)
3.09 6.18.2251(A) Elements of the Offense (Count 2)
3.09 6.18.2251(A) Elements of the Offense (Count 3)
3.09 6.18.2251(A) Elements of the Offense (Count 4)
3.09 6.18.2251(A) Elements of the Offense (Count 5)
6.18.2252 Elements of the Offense (Count 6)
6.18.2252A "Lascivious" Explained
6.18.2252 "Child Pornography" Defined
6.18.2252B "Interstate Commerce" Defined
6.18.2252C "Computer" Defined
7.05 Proof of Intent or Knowledge
8.02 Possession: Actual, Constructive, Sole, Joint
3.13 Venue
3.14 Date of Crime Charged
4.10 Opinion Evidence—Expert Witness
3.11 Reasonable Doubt
3.12 Election of Foreperson; Duty to Deliberate; Punishment Not a Factor; Communications with Court; Cautionary; Verdict Form

### 3.01 INTRODUCTION

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because <u>all</u> are important. This is true even though some of those I gave you at the beginning of the trial are not repeated here.

The instructions I am about to give you now [as well as those I gave you earlier] are in writing and will be available to you in the jury room.

## 3.02 DUTY OF JURY

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

You should not be influenced by any person's race, color, ethnicity, national origin, religion, gender, gender identity, sexual orientation, disability, or economic circumstances. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may express without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

### 3.03 EVIDENCE; LIMITATIONS

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I will list those things again for you now:

1. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

## 3.04 CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time,[1] the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.

**3.06 DESCRIPTION OF CHARGES; INDICTMENT NOT EVIDENCE; PRESUMPTION OF INNOCENCE; BURDEN OF PROOF**

The Indictment in this case charges the defendant with 6 different crimes. Counts 1-5 charges that the defendant committed the crime of Sexual Exploitation and Attempted Exploitation of a Child and Count 6 charges Possession of Child Pornography. The defendant has pleaded not guilty to each of those charges.

The Indictment is simply the document that formally charges the defendant with the crime for which he is on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume the defendant to be innocent. Thus, the defendant began the trial with a clean slate, with no evidence against him.

The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the government proved during the trial, beyond a reasonable doubt, each element of a crime charged.

Keep in mind that each count charges a separate crime. You must consider each count separately and return a separate verdict for each count.

There is no burden upon a defendant to prove that he or she is innocent. Instead, the burden of proof remains on the government throughout the trial. The fact that the defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdicts.

## 6.18.2251A SEXUAL EXPLOITATION OF A CHILD
### COUNT 1

The crime of sexual exploitation of a child, as charged in Count 1 of the Indictment, has four elements, which are:

*One*, from in or about December 2015 and continuing to in or about August 2016, the Defendant believed that Minor Victim #1 was under the age of eighteen years;

*Two*, the defendant knowingly used Minor Victim #1 to engage in sexually explicit conduct;

*Three*, the defendant acted with the purpose of producing a visual depiction of such conduct; and,

*Four*, the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means.

If you unanimously find beyond a reasonable doubt all four elements above, you must find the Defendant guilty of sexual exploitation of a child. If you unanimously find the Government did not establish with proof beyond a reasonable doubt all four elements above, please proceed to the alternate theory of Count 1, Attempted Sexual Exploitation of a Child in Jury Instruction No. ___.

## 6.18.2251A ATTEMPTED SEXUAL EXPLOITATION OF CHILD
## COUNT 1

The crime of attempted sexual exploitation of a child, as charged in Count 1 of the Indictment, has four elements, which are:

*One*, from on or about December 2015 and continuing to in or about August 2016, Defendant believed that Minor Victim #1 was under the age of eighteen years;

*Two*, the Defendant attempted to use Minor Victim #1 to engage in sexually explicit conduct;

*Three*, the defendant intentionally engaged in this behavior in order to produce a visual depiction of such conduct; and,

*Four*, the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means.

To have attempted to produce child pornography, the Defendant must have taken a substantial step toward commission of the offense. A "substantial step" must be something more than mere preparation yet may be less than the last act necessary before the actual commission of the substantive crime.

In order for behavior to be punishable as an attempt, it need not be incompatible with innocence, yet it must be necessary to the consummation of the crime and be of such a nature that a reasonable observer, viewing it in context, could conclude beyond a reasonable doubt that it was undertaken in accordance with a design to violation the statute.

If you unanimously find beyond a reasonable doubt all four elements above, you must find the Defendant guilty of attempted sexual exploitation of a child. If you unanimously find the Government did not establish with proof

beyond a reasonable doubt all four elements above, you must find the Defendant not guilty of attempted sexual exploitation of a child.

*United States v. Guy Wilson*, 1:22-cr-038, 2025 WL 2387509 (Attempt instruction on Counts 1-5)

## 6.18.2251A ATTEMPTED SEXUAL EXPLOITATION OF A CHILD
## COUNT 2

The crime of sexual exploitation of a child, as charged in Count 2 of the Indictment, has four elements, which are:

*One*, from in or about February 2016 and continuing in or about February 2017, Defendant believed that Minor Victim #2 was under the age of eighteen years;

*Two*, the Defendant attempted to use Minor Victim #2 to engage in sexually explicit conduct;

*Three*, the defendant intentionally engaged in this behavior in order to produce a visual depiction of such conduct; and,

*Four*, the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means.

To have attempted to produce child pornography, the Defendant must have taken a substantial step toward commission of the offense. A "substantial step" must be something more than mere preparation yet may be less than the last act necessary before the actual commission of the substantive crime.

In order for behavior to be punishable as an attempt, it need not be incompatible with innocence, yet it must be necessary to the consummation of the crime and be of such a nature that a reasonable observer, viewing it in context, could conclude beyond a reasonable doubt that it was undertaken in accordance with a design to violation the statute.

If you unanimously find beyond a reasonable doubt all four elements above, you must find the Defendant guilty of attempted sexual exploitation of a child. If you unanimously find the Government did not establish with proof

beyond a reasonable doubt all four elements above, you must find the Defendant not guilty of attempted sexual exploitation of a child.

*United States v. Guy Wilson*, 1:22-cr-038, 2025 WL 2387509 (Attempt instruction on Counts 1-5)

## 6.18.2251A ATTEMPTED SEXUAL EXPLOITATION OF A CHILD
## COUNT 3

The crime of sexual exploitation of a child, as charged in Count 3 of the Indictment, has four elements, which are:

*One*, from in or about July 2016 and continuing to February 2017, Defendant believed that Minor Victim #3 was under the age of eighteen years;

*Two*, the Defendant attempted to use Minor Victim #3 to engage in sexually explicit conduct;

*Three*, the defendant intentionally engaged in this behavior in order to produce a visual depiction of such conduct; and,

*Four*, the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means.

To have attempted to produce child pornography, the Defendant must have taken a substantial step toward commission of the offense. A "substantial step" must be something more than mere preparation yet may be less than the last act necessary before the actual commission of the substantive crime.

In order for behavior to be punishable as an attempt, it need not be incompatible with innocence, yet it must be necessary to the consummation of the crime and be of such a nature that a reasonable observer, viewing it in context, could conclude beyond a reasonable doubt that it was undertaken in accordance with a design to violation the statute.

If you unanimously find beyond a reasonable doubt all four elements above, you must find the Defendant guilty of attempted sexual exploitation of a child. If you unanimously find the Government did not establish with proof beyond a reaonsalbe doubt all four elements above, you must find the Defendant not guilty of attempted sexual exploitation of a child.

## 6.18.2251A ATTEMPTED SEXUAL EXPLOITATION OF A CHILD COUNT 4

The crime of sexual exploitation of a child, as charged in Count 4 of the Indictment, has four elements, which are:

*One*, from in or about August 2016, Defendant believed that Minor Victim #4 was under the age of eighteen years;

*Two*, the Defendant attempted to use Minor Victim #4 to engage in sexually explicit conduct;

*Three*, the defendant intentionally engaged in this behavior in order to produce a visual depiction of such conduct; and,

*Four*, the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means.

To have attempted to produce child pornography, the Defendant must have taken a substantial step toward commission of the offense. A "substantial step" must be something more than mere preparation yet may be less than the last act necessary before the actual commission of the substantive crime.

In order for behavior to be punishable as an attempt, it need not be incompatible with innocence, yet it must be necessary to the consummation of the crime and be of such a nature that a reasonable observer, viewing it in context, could conclude beyond a reasonable doubt that it was undertaken in accordance with a design to violation the statute.

If you unanimously find beyond a reasonable doubt all four elements above, you must find the Defendant guilty of attempted sexual exploitation of a child. If you unanimously find the Government did not establish with proof beyond a reasonable doubt all four elements above, you must find the Defendant not guilty of attempted sexual exploitation of a child.

15

### 6.18.2251A   ATTEMPTED SEXUAL EXPLOITATION OF A CHILD
### COUNT 5

The crime of sexual exploitation of a child, as charged in Count 5 of the Indictment, has four elements, which are:

*One*, from in or about July 2016, Defendant believed that Minor Victim #5 was under the age of eighteen years;

*Two*, the Defendant attempted to use Minor Victim #5 to engage in sexually explicit conduct;

*Three*, the defendant intentionally engaged in this behavior in order to produce a visual depiction of such conduct; and,

*Four*, the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means.

To have attempted to produce child pornography, the Defendant must have taken a substantial step toward commission of the offense. A "substantial step" must be something more than mere preparation yet may be less than the last act necessary before the actual commission of the substantive crime.

In order for behavior to be punishable as an attempt, it need not be incompatible with innocence, yet it must be necessary to the consummation of the crime and be of such a nature that a reasonable observer, viewing it in context, could conclude beyond a reasonable doubt that it was undertaken in accordance with a design to violation the statute.

If you unanimously find beyond a reasonable doubt all four elements above, you must find the Defendant guilty of attempted sexual exploitation of a child. If you unanimously find the Government did not establish with proof

beyond a reaonsalbe doubt all four elements above, you must find the Defendant not guilty of attempted sexual exploitation of a child.

### 6.18.2252   POSSESSION OF CHILD PORNOGRAPHY
### COUNT 6

The crime of possession of child pornography, as charged in Count 6 of the Indictment, has three elements, which are:

*One*, that on or about August 1, 2024, the defendant knowingly possessed a Lenovo laptop that contained multiple visual depictions of child pornography;

*Two*, that the defendant knew that the visual depictions were of a minor engaging in sexually explicit conduct; and

*Three*, that the material containing the visual depictions was produced using materials that had been manufactured and transported in interstate or foreign commerce.

You have heard evidence of more than one visual depiction involved in the offense. You must agree unanimously as to which visual depiction(s) the defendant possessed.

If you unanimously find beyond a reasonable doubt all three elements above, you must find the Defendant guilty of possession of child. If you unanimously find the Government did not establish with proof beyond a reaonsalbe doubt all four elements above, you must find the Defendant not guilty of attempted sexual exploitation of a child.

### 6.18.2251A DEFINITIONS

A person is "used" if they are photographed or videotaped.

The term "minor" means any person under the age of eighteen years.

The term "sexually explicit conduct" means actual or simulated sexual intercourse including genital-genital, oral-genital, lascivious exhibition of the genitals or pubic area of any person.

The term "visual depiction" includes any photograph, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means. It includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

An item is "produced" if it is produced, directed, manufactured, issued, published, advertised, created, made, or is in any other way brought into being by the involvement of an individual participating in the recording of child pornography. The government is not required to prove that the defendant knew that minor #1, 2, 3, 4, or 5 were under the age of eighteen.

## 6.18.2252A "LASCIVIOUS" EXPLAINED

Whether a visual depiction of the genitals or pubic area constitutes a lascivious exhibition requires a consideration of the overall content of the material. You may consider such factors as (1) whether the focal point of the picture is on the minor's genitals or pubic area; (2) whether the setting of the picture is sexually suggestive, that is, in a place or pose generally associated with sexual activity; (3) whether the minor is depicted in an unnatural pose or in inappropriate attire, considering the age of the minor; (4) whether the minor is fully or partially clothed, or nude; (5) whether the picture suggests sexual coyness or a willingness to engage in sexual activity; (6) whether the picture is intended or designed to elicit a sexual response in the viewer; (7) whether the picture portrays the minor as a sexual object; and (8) the caption(s) on the picture(s).

It is for you to decide the weight or lack of weight to be given to any of these factors. A picture need not involve all of these factors to constitute a lascivious exhibition of the genitals or pubic area.

### 6.18.2252 "CHILD PORNOGRAPHY" DEFINITION

The phrase "child pornography" means any visual depiction of a minor engaging in sexually explicit conduct, where the minor was engaged in the sexually explicit conduct during production of the depiction. The term "visual depiction" includes any photograph, video, picture or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means. It includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

### 6.18.2252B "INTERSTATE COMMERCE" DEFINED

The phrase "interstate commerce" means commerce between any combination of states, territories, and possessions of the United States, including the District of Columbia.

The phrase "foreign commerce," as used above, means commerce between any state, territory or possession of the United States and a foreign country.

The term "commerce" includes, among other things, travel, trade, transportation and communication.

### 6.18.2252C "COMPUTER" DEFINED

The term "computer" as used in this instruction means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

## 7.05 PROOF OF INTENT OR KNOWLEDGE

Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

## 8.02 POSSESSION: ACTUAL, CONSTRUCTIVE, SOLE, JOINT

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may have sole or joint possession.

A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession and also sole as well as joint possession.

### 3.13 VENUE

The government must prove it is more likely true than not true that the offense charged was begun, continued or completed in the Southern District of Iowa. You decide these facts by considering all of the evidence and deciding what evidence is more believable. This is a lower standard than proof beyond a reasonable doubt. The requirement of proof beyond a reasonable doubt applies to all other issues in the case.

### 3.14 DATE OF CRIME CHARGED

The indictment charges the offense was committed "on or about". The government must prove that the offense happened reasonably close to that timeframe but is not required to prove the alleged offense happened on that exact date.

## 4.10 OPINION EVIDENCE—EXPERT WITNESS

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it and give it as much weight as you think it deserves, considering the witness' education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

### 3.11 REASONABLE DOUBT

Reasonable doubt is doubt based upon reason and common sense and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

### 3.12 ELECTION OF FOREPERSON; DUTY TO DELIBERATE; PUNISHMENT NOT A FACTOR; COMMUNICATIONS WITH COURT; CAUTIONARY; VERDICT FORM

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict whether guilty or

not guilty must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. The form reads as follows.... You will take this form to the jury room, and when each of you has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.