UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 1:24-cr-069 |
| | ) | |
| v. | ) | |
| | ) | **PLEA AGREEMENT** |
| TREVOR JOHN COLLISON, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America (also referred to as "the Government"),

Defendant, **TREVOR JOHN COLLISON**, and Defendant's attorney, Stuart Dornan

enter into this Plea Agreement.

**A.    CHARGES**

1.    <u>Subject Offenses</u>.    Defendant will plead guilty to Count 1 of the

Superseding Indictment, that is, Sexual Exploitation and Attempted Sexual

Exploitation of a Child, in violation of Title 18, United States Code, Sections 2251(a)

and 2251(e) and Count 6 of the Indictment, that is, Possession of Child Pornography,

in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

Defendant also agrees to forfeiture of a Seagate Hard Drive, a black Lenovo laptop

computer with a Western Digital 250 GB hard drive, and a Samsung A05, SM-A055F

cellular phone as set forth in the Plea Agreement and listed in the Superseding

Indictment.

2.    <u>Charges Being Dismissed</u>.    If the Court accepts this Plea Agreement,

Counts 2, 3, 4, and 5 of the Superseding Indictment, that is, Sexual Exploitation and

Attempted Sexual Exploitation of a Child, in violation of Title 18, United States Code,

1

Sections 2251(a) and 2251(e) will be dismissed at the time of sentencing. Defendant understands that, even though Counts 2, 3, 4, and 5 will be dismissed, all relevant conduct including the conduct that supported the charges in Counts 2, 3, 4 and 5 will be considered by the Court at the time of sentencing.

**B.    MAXIMUM PENALTIES**

3.    <u>Maximum and Mandatory Minimum Punishment</u>.    Defendant understands that the crime to which Defendant is pleading guilty in Count 1 carries a mandatory minimum sentence of at least 15 years in prison and a maximum sentence of 30 years in prison; a maximum fine of $250,000; and a term of supervised release of at least 5 years up to life. Defendant also understands that the crime to which Defendant is pleading guilty in Count 6 carries a maximum sentence of 20 years in prison; a maximum fine of $250,000; and a term of supervised release of at least 5 years up to life. A mandatory special assessment of $100 per count must also be imposed by the Court. Defendant also understands that, if the Court determines Defendant to be a non-indigent person, pursuant to Title 18, United States Code, Section 3014(a)(3), it shall impose an assessment of $5,000 per count. In addition, pursuant to 18 U.S.C. § 2259A, the Court shall assess not more than $35,000. Defendant understands that the Court may not impose a sentence less than the mandatory minimum sentence. No one has promised Defendant that Defendant will be eligible for a sentence of less than the mandatory minimum. Defendant understands that these sentences may be imposed consecutively.

4.    <u>Supervised Release--Explained</u>. Defendant understands that, during

2

any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions. If Defendant were to violate a condition of supervised release, Defendant could be sentenced to not more than 3 years in prison on any such revocation, without any credit for time previously served.

5.    Detention.    Pursuant to the Mandatory Detention for Offenders Convicted of Serious Crimes Act (18 U.S.C. § 3143), Defendant agrees to remain in custody following the completion of the entry of Defendant's guilty plea to await the imposition of sentence.

## C.    NATURE OF THE OFFENSE – FACTUAL BASIS

6.    Elements Understood.    Defendant understands that to prove the offense alleged under **Count 1, Sexual Exploitation and Attempted Sexual Exploitation of a Child,** the Government would be required to prove beyond a reasonable doubt the following elements:

    (a)    The minor was under the age of eighteen years;

    (b)    Defendant knowingly used, persuaded, induced, enticed, or coerced another person to engage in sexually explicit conduct;

    (c)    Defendant acted with the purpose of producing a visual depiction of such conduct; and,

    (d)    The material containing the visual depictions had been mailed, shipped, or transported across state lines or in foreign commerce by any means or the visual depictions were transmitted using any means or facility of interstate commerce.

3

Defendant understands that to prove the offense alleged under **Count 6, Possession of Child Pornography,** the Government would be required to prove beyond a reasonable doubt the following elements:

(a)   Defendant knowingly possessed one or more visual depictions of child pornography;

(b)   Defendant knew the visual depictions were of a minor engaging in sexually explicit conduct; and,

(c)   The visual depictions were produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means or the visual depictions were transmitted using any means or facility of interstate commerce.

7.   <u>Factual Basis</u>.   As a factual basis for Defendant's plea of guilty, Defendant admits the following:

(a)   From in or about December 2015 and continuing to in or about August 2016, Defendant knowingly used and attempted to use Minor Victim #1 to engage in sexually explicit conduct.

(b)   At the time of said use, Defendant knew Minor Victim #1 was his niece and under the age of twelve years old.

(c)   Defendant knowingly produced images and videos of Minor Victim #1 engaged in sexually explicit conduct by intentionally placing a camera, including a Go Pro camera and iPod, in the bathroom. Several of the videos depict Defendant in the bathroom and adjusting the camera.

(d)   Defendant knowingly saved images and videos of Minor Victim #1 engaged in sexually explicit conduct using a Seagate Hard Drive, and a black Lenovo laptop computer with a Western Digital 250 GB hard drive, that were manufactured outside the state of Iowa and transported in interstate or foreign commerce.

(e)   Defendant knowingly possessed images or videos of children under the age of twelve, including Minor Victims # 1, 2, 3, 4 and 5 engaged in sexually explicit conduct on the Defendant's black Lenovo laptop computer with a Western Digital 250 GB hard drive, on August 1, 2024.

4

(f)    The visual depictions possessed by Defendant were saved on a Seagate Hard Drive, a black Lenovo laptop computer with a Western Digital 250 GB hard drive, and Samsung A05, SM-A055F cellular phone that were manufactured outside the state of Iowa and transported in interstate or foreign commerce.

8.    <u>Truthfulness of Factual Basis</u>.  Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

9.    <u>Waiver of Rule 410 Rights</u>.  Defendant expressly waives Defendant's rights under Rule 410 of the Federal Rules of Evidence and agrees that all factual statements made in this Plea Agreement, including under the Factual Basis above, are admissible against Defendant. Should Defendant fail to plead guilty pursuant to this Plea Agreement or move to withdraw Defendant's plea or to set aside Defendant's conviction, then these admissions may be used against Defendant in the Government's case-in-chief and otherwise, including during the continuing prosecution of this case.

10.    <u>Venue</u>.  Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

## D.   SENTENCING

11.    <u>Sentencing Guidelines</u>.  Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States

Sentencing Guidelines, together with other factors set forth by law. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

(a)    The nature of the offenses to which Defendant is pleading guilty;

(b)    The nature of the images involved, including the age of the children depicted and the nature of the sexually explicit conduct, and the number of such images;

(c)    Whether a computer was used in the offense;

(d)    Defendant's role in the offense;

(e)    The nature and extent of Defendant's criminal history (prior convictions); and,

(f)    Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction. Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

12.    Presentence Report. Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report. The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

13.    Disclosure of Presentence Investigation Reports. The United States

District Court for the Southern District of Iowa has issued the following Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges and understands this order.

14.   Evidence at Sentencing.   The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement.   Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

15.   Sentence to be Decided by Judge -- No Promises.   This Plea Agreement is entered pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure.   Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties.   Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding.   Therefore,

7

it is uncertain at this time what Defendant's actual sentence will be.

16.   No Right to Withdraw Plea.   Defendant understands that Defendant will have no right to withdraw Defendant's plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

17.   Joint Sentencing Recommendation.   Under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties agree to recommend to the District Court that the sentences imposed in Counts 1 and 6 run concurrently.   The parties agree that this sentence takes into account all of the relevant factors set forth under 18 U.S.C. § 3553(a), including the advisory sentencing guidelines calculation, the nature and circumstances of the offense, the history and characteristics of Defendant, and other pertinent factors.

### E.   FINES, COSTS, FORFEITURE AND RESTITUTION

18.   Forfeiture.   Defendant agrees to forfeiture of the property identified in the Superseding Indictment, specifically a Seagate Hard Drive, a black Lenovo laptop computer with a Western Digital 250 GB hard drive and Samsung A05, SM-A055F cellular phone. Defendant will execute any documents as directed by the Government to complete the forfeiture.

19.   Waivers Regarding Forfeiture.   Defendant waives all challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds.   Defendant further agrees that the forfeiture provisions of this Plea Agreement are intended to,

and will, survive Defendant notwithstanding the abatement of any underlying criminal conviction after execution of this Plea Agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

20. Consent to Judgment of Forfeiture. Defendant agrees to waive all interest in assets subject to this Plea Agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

21. Fines and Costs. Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

22. Special Assessment. Defendant agrees to pay the mandatory special assessment of $100 per count of conviction at or before the time of sentencing, as required by 18 U.S.C. § 3013. Defendant further understands that, if the Court determines Defendant to be a non-indigent person, pursuant to Title 18, United States Code, Section 3014(a)(3), it shall impose an assessment of $5,000 per count.

23.  <u>Restitution</u>.  Defendant agrees that the Court shall order restitution for the full amount of each victim's losses, which is no less than $3,000 per victim; that such order of restitution shall be due and payable immediately; and that if Defendant is not able to make full payment immediately, Defendant shall cooperate with the United States Probation Office in establishing an appropriate payment plan, which shall be subject to the approval of the Court, and thereafter in making the required payments.  Any such payment plan does not preclude the Government from utilizing any collections procedures pursuant to the Federal Debt Collections Act and including the Treasury offset program.

24.  <u>Financial Statement</u>.  Defendant agrees to complete truthfully and in full a financial statement provided by the U.S. Attorney's Office and return the financial statement to the U.S. Attorney's Office within 30 days of the filing of this Plea Agreement.

**F.   LIMITED SCOPE OF AGREEMENT**

25.  <u>Limited Scope of Agreement</u>.  This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement.  Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

26.  <u>Agreement Limited to Southern District of Iowa</u>.  This Plea Agreement

10

is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

27. <u>Sex Offender Registry</u>. Defendant understands that by pleading guilty, Defendant will be required to register as a sex offender upon Defendant's release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout Defendant's life. Defendant understands that Defendant shall keep Defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to Defendant's name, place of residence, employment, or student status, or relevant information. Defendant shall comply with requirements to periodically verify in person Defendant's sex offender registration information. Defendant understands that Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon Defendant's release from confinement following conviction. As a condition of supervised release, Defendant shall initially register with the state sex offender registration in the state of Iowa, and shall also register with the state sex offender registration agency in any state where Defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant

11

shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update Defendant's registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## G.    WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

28.    <u>Trial Rights Explained</u>.  Defendant understands that this guilty plea waives the right to:

(a)    Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

(b)    A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

(c)    The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

(d)    Confront and cross-examine adverse witnesses;

(e)    Present evidence and to have witnesses testify on behalf of Defendant, including having the Court issue subpoenas to compel witnesses to testify on Defendant's behalf;

(f)    Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

(g)    If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

29.    <u>Limited Waiver of Appeal and Post-Conviction Review</u>.  Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which

Defendant could assert to the charges, or to the Court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence imposed by the Court, to the extent that an appeal is authorized by law. Defendant preserves the right to appeal the Court's denial of Defendant's motion to dismiss entered on November 3, 2025, at Docket No. 85, the Court's denial of Defendant's motion to suppress entered on November 25, 2025 at Docket No. 147.[1] Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

## H.    VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

30.    Voluntariness of Plea.    Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

(a)    Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

(b)    No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

---

[1] If Defendant prevails on appeal, Defendant would then be permitted to withdraw Defendant's plea of guilty. The parties jointly seek consent of the Court to preserve this matter for appellate review.

(c) No one has threatened Defendant or Defendant's family to induce this guilty plea.

(d) Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

31. <u>Consultation with Attorney</u>. Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

(a) Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

(b) Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

(c) Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I. GENERAL PROVISIONS

32. <u>Entire Agreement</u>. This Plea Agreement, and any attachments, is the entire agreement between the parties. Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

33. <u>Public Interest</u>. The parties state this Plea Agreement is in the public interest, and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

34. <u>Execution/Effective Date</u>. This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated

14

representatives) shown below.

**J.    SIGNATURES**

35.    <u>Defendant</u>.  I have read all of this Plea Agreement and have discussed it with my attorney.  I fully understand the Plea Agreement and accept and agree to it without reservation.  I do this voluntarily and of my own free will.  No promises have been made to me other than the promises in this Plea Agreement.  I have not been threatened in any way to get me to enter into this Plea Agreement.  I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case.  I am entering into this Plea Agreement and will enter my plea of guilty under this Plea Agreement because I committed the crime to which I am pleading guilty.  I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

_11-25-25_
Date

_Trevor_
TREVOR JOHN COLLISON

36.    <u>Defendant's Attorney</u>.  I have read this Plea Agreement and have discussed it in its entirety with my client.  There is no Plea Agreement other than the agreement set forth in this writing.  My client fully understands this Plea Agreement.  I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion.  I have had full

15

access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

11-25-25

Date

Stuart Dornan
Attorney for Trevor John Collison
1403 Farnam Street, Suite 232
Omaha, NE  68102
Telephone: (402) 884-7044
Email: stu@dltlawyers.com

37.    United States.    The Government agrees to the terms of this Plea Agreement.

Richard D. Westphal
United States Attorney

Date

By:    Shelly Sudmann
Assistant U.S. Attorney
2146 27th Avenue, Suite 400
Council Bluffs, Iowa 50501
Telephone: (712) 256-5009
E-mail: shelly.sudmann@usdoj.gov